IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cr-30036 |
| | ) | |
| CALVIN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Calvin Williams's pro se Motion for Compassionate Release (d/e 124) and his amended Motion for Compassionate Release (d/e 127), requesting a reduction in Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Defendant's motions are DENIED.

## I. BACKGROUND

On March 16, 2018, Defendant Calvin Williams pled guilty to one count of Sexual Exploitation of Children in violation of 18 U.S.C. §§ 2251(a) and (e). PSR (d/e 91), at 7. According to the Revised Presentence Investigation Report (PSR) prepared for

Defendant's sentencing, the conduct that gave rise to this charge involved the prostitution and sexual exploitation of four underage girls.

On November 2, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See Motion (d/e 124).  On November 10, 2020, an amended Motion for Compassionate Release was filed.  See Amended Motion (d/e 127).  Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.  Defendant is obese, and he suffers from hypertension and from asthma.  See Medical Records (d/e 128–3), at 4.

On November 12, 2020, the U.S. Probation Office filed a Memorandum (d/e 129) in which it concluded that Defendant's proposed release plan was not suitable due to his sex offender status and the absence of any record of his participation in sex offender counseling.

As of November 18, 2020, the Bureau of Prisons (BOP) reports that FCI Greenville, where Defendant is being held, currently has 119 confirmed positive inmate cases of COVID-19, and 17 positive staff cases.  See BOP: COVID-19 Update, Federal Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last accessed November 19, 2020).  The BOP also reports that 334 individuals currently at FCI Greenville who contracted COVID-19 in the past have recovered.  There have been no deaths from COVID-19 at the facility.  Id.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate's request was received by the BOP,

whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment (and may impose a term of
> probation or supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Here, extraordinary and compelling reasons for release exist. As of October 14, 2020, Defendant weighted 259 pounds and was 76 inches tall, meaning that he had a Body Mass Index of 31.5.  See PSR (d/e 91) at 24; Medical Records (d/e 128–3), at 4.  According to Centers for Disease Control (CDC) materials discussing COVID risk, individuals with a BMI of 30 or higher are at increased risk of severe illness from COVID-19.  See People Who Are at Higher Risk

for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed November 19, 2020).  Defendant is also asthmatic, and suffers from hypertension.  Both of these conditions are listed by the CDC as conditions that "may" place an adult at increased risk of serious illness if exposed to COVID-19.  See id.  The Government does not argue in its Response (d/e 130) that no extraordinary and compelling reasons for release exist here.  An obese and asthmatic inmate housed in a BOP facility experiencing a serious outbreak of COVID-19 has established an extraordinary and compelling reason that can justify a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must next consider whether, given the extraordinary and compelling reasons for release presented here, a reduction in Defendant's sentence is warranted and "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue

for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living in a prison.

Still, not every inmate who is obese and/or asthmatic is automatically entitled to compassionate release. After considering the factors set forth in 18 U.S.C. § 3553(a),[1] the Count finds that a reduction in Defendant's term of imprisonment is not warranted.

Mr. Williams has an extensive criminal record which includes convictions for armed robbery and aggravated assault. See PSR (d/e 91), at 20–22. He has received two disciplinary infractions in the last year from the Bureau of Prisons. See Disciplinary Records (d/e 128–4), at 1. He has served less than 30% of his 240-month sentence. Furthermore, nothing in the record shows that Defendant has accepted responsibility for, or shown significant remorse regarding, the crime he has been convicted of. See PSR (d/e 91) at 13 ("The defendant's statements . . . are inconsistent

---

[1] The applicable policy statement issued by the Sentencing Commission—the U.S. Sentencing Guidelines Manual—state that a court should "consider[] the factors set forth in 18 U.S.C. § 3553(a)." U.S.S.G. § 1B1.13.

with acceptance of responsibility for his role in the instant offense.") The "nature and seriousness" of the offense for which Defendant was convicted in 2018—pimping out, and having sex with, multiple underage girls—militate strongly against an early release. See 18 U.S.C. § 3553(a)(1). The Court finds that a reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant," especially given that no suitable release plan has been proposed. See 18 U.S.C. § 3553(a). The Court also finds that a significantly reduced sentence would not "promote respect for the law," "provide just punishment for the offense," or provide adequate deterrence to criminal conduct like Defendant's. See id.

### III. CONCLUSION

For the reasons set forth above, Defendant Calvin Williams's Motion for Compassionate Release (d/e 127) and Defendant's pro se motion for compassionate release (d/e 124) are DENIED.

ENTER: November 19, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE